UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CESAR AUGUSTO BURGOS MEDEIROS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> INTERNATIONAL GAME TECHNOLOGY, ) <br> ) <br> Respondent. ) <br> ) | Case No. 2:16-cv-00877-JAD-NJK <br><br> ORDER GRANTING *EX PARTE* PETITION <br><br> (Docket No. 1) |

Pending before the Court is Petitioner's *ex parte* petition for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in proceedings in Brazil. *See* Docket No. 1. The Court finds the pending petition properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed more fully below, the petition is hereby **GRANTED**.

I.     BACKGROUND

Petitioner is a defendant in a criminal action in Brazil, in which Petitioner is accused of possessing illegal gaming devices. *See* Docket No. 1-1 at 2. Six of the nine gaming devices at issue were manufactured by Respondent. *Id.* Petitioner is defending himself in the Brazilian prosecution on the basis that the devices were imported before they were declared illegal in Brazil in 1999, and that it is not illegal for him to continue possessing devices that were already in the country prior to 1999. *See id.* at 2-3.

Pending before the Court is Petitioner's request for an order authorizing the issuance of a subpoena pursuant to § 1782 seeking the production of documents from Respondent regarding the

manufacture and sale of the six gaming devices at issue. *See id.* at 5-12. To date, Respondent has refused to provide the documents sought, but has indicated that it would comply with a lawful subpoena requiring that it provide the information. *See id.* at 3.

## II. *EX PARTE* FILING OF PETITION

As an initial matter, the Court notes that Petitioner seeks relief from the Court on an *ex parte* basis. *Ex parte* requests are disfavored and generally proper in only extremely limited situations in which compelling reasons have been established. *See, e.g.*, *Maxson v. Mosaic Sales Solutions U.S. Operating Co.*, 2015 WL 4661981, *1 (D. Nev. July 29, 2015). Nonetheless, § 1782 petitions are frequently reviewed on an *ex parte* basis. *See In re Judicial Assistance Pursuant to 28 U.S.C. Sec. 1782 ex rel. Macquarie Bank Ltd.*, 2014 WL 7706908, *1 (D. Nev. June 4, 2014) ("*Macquarie Bank I*"). The resulting order provides only that discovery is authorized, *see In re Letter of Request from Supreme Court of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y.1991), so concerns regarding any unfairness of granting the petition *ex parte* are alleviated by the fact that the opposing party may raise objections and exercise its due process rights by challenging the discovery after it is issued, *see In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216, 1219 (9th Cir. 1976); *see aslo In re: O'Keefe*, 2015 WL 1308546, *2 (D. Nev. Mar. 24, 2015) (recognizing that the subpoenaed party may move to quash the subpoena). In light of these safeguards, an *ex parte* application is a permissible method for seeking discovery pursuant to § 1782. *In re: Ex Parte Application Varian Med. Sys. Int'l AG*, 2016 WL 1161568, *2 (N.D. Cal. Mar. 24, 2016) (citing *Macquarie Bank I*, 2014 WL 7706908, at *1)).[1] Accordingly, the Court finds the pending petition properly decided on an *ex parte* basis.

## III. ANALYSIS

Courts are authorized to issue orders pursuant to § 1782 once the enumerated statutory requirements have been satisfied. *See, e.g.*, *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79,

---

[1] To be clear, nothing herein should be construed as prohibiting Respondent from challenging either the ability of Petitioner to obtain discovery through § 1782 generally, or the scope of discovery that should be allowed. *See, e.g.*, *In the Matter of a Petitioner for Judicial Assistance Pursuant to 28 U.S.C. Sec. 1782 by Macquarie Bank Ltd.*, 2014 WL 3439103, *5 (D. Nev. May 28, 2015) ("*Macquarie Bank II*") (holding that discovery was not proper pursuant to § 1782 in light of arguments presented by Respondent after service of subpoena), *objections overruled*, 2015 WL 7258483 (D. Nev. Nov. 17, 2015).

83-84 (2d Cir. 2004). Even where those statutory requirements have been satisfied, however, courts are not required to grant the § 1782 petition. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Instead, courts analyze several discretionary factors to determine whether the discovery sought should be allowed. *See id.* at 264-65.

The Court addresses the statutory requirements and discretionary factors in turn below.

A.   STATUTORY REQUIREMENTS

Section 1782 provides in relevant part that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a). Pursuant to this statutory language, this Court is authorized to grant a § 1782 application where a *prima facie* showing is made that (1) the person from whom discovery is sought resides or is found in this District, (2) the discovery is for use in a proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person. *See In re Application of Ontario Principals' Council*, 2013 WL 6844545, *2 (E.D. Cal. Dec. 23, 2013) (quoting *In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998)). Each of these statutory requirements is met in this case.

First, Petitioner has presented evidence that Respondent is headquartered in this District. *See* Docket No. 1-1 at 14. Second, the discovery is sought for use in a pending criminal proceeding in the Superior Tribunal de Justiça - Brazil. *See* Docket No. 1-1 at 2. Third, Petitioner is a party to the proceedings in Brazil as a criminal defendant, *see id.*, and therefore qualifies as an "interested person," *see Intel*, 542 U.S. at 256. Accordingly, the Court finds the statutory requirements to grant § 1782 relief are satisfied.

B.   DISCRETIONARY FACTORS

Courts are not required to grant a § 1782 application simply because the statutory requirements are met. *See Intel*, 542 U.S. at 264. The Court has broad discretion in deciding whether to grant discovery under § 1782. *Four Pillars Enterps. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th

Cir. 2002). The Supreme Court outlined the discretionary factors that district courts should consider when ruling on a § 1782 application:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid;
>
> (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance;
>
> (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and
>
> (4) whether the subpoena contains unduly intrusive or burdensome requests.

*See, e.g.*, *In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*, 634 F.3d 557, 563 (9th Cir. 2011). These discretionary factors "involve overlapping considerations, are considered collectively by the court in exercising its discretion, and are not stand-alone categorical imperatives." *Macquarie II*, 2015 WL 3439103, at *4 (quoting *In Matter of Application of Action & Protection Foundation Daniel Bodnar*, 2014 WL 2795832, *5 (N.D. Cal. June 19, 2014)). Courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts. *See, e.g.*, *Pott*, 945 F. Supp. 2d at 1199 (quoting *Schmitz*, 376 F.3d at 84).

First, the Court analyzes whether the material sought is within the foreign tribunal's jurisdictional reach. Respondent is not a party to the underlying Brazilian criminal proceeding, rendering the need for assistance from this Court more readily apparent. *See In re Pimenta*, 942 F. Supp. 2d 1282, 1288 (S.D. Fla. 2013) (allowing discovery from non-parties to Brazilian proceeding).

Second, the Court analyzes the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign court. Here, the underlying proceedings are criminal in nature regarding Petitioner's compliance with Brazil's gaming laws, and Petitioner here seeks discovery to establish his complianc. There is no indication that the Brazilian court would be unreceptive to such discovery. *See Pimenta*, 942 F. Supp. 2d at 1288; *see also In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d

1020, 1031-32 (N.D. Ill. 2006) (rejecting argument that Brazilian Labor Court would be unreceptive to discovery obtained through § 1782 order).

Third, the Court analyzes whether the pending request is an attempt to circumvent foreign proof-gathering restrictions. Once again, there is no indication in the record currently that allowing discovery through the instant proceeding would circumvent proof-gathering restrictions. *See Labor Court of Brazil*, 466 F. Supp. 2d at 1031-32.

Fourth, the Court analyzes whether the subpoenas contain unduly intrusive or burdensome requests. The proper scope of discovery arising out of a § 1782 application is generally determined by the Federal Rules of Civil Procedure. *See, e.g.*, *Government of Ghana v. ProEnergy Servs., LLC*, 677 F.3d 340, 343 (8th Cir. 2012); *see also In re Letters Rogatory From Tokyo Dist. Prosecutor's Office*, 16 F.3d 1016, 1019 (9th Cir. 1994) (unless the court order otherwise specifies, the Federal Rules of Civil Procedure apply).[2] In this instance, the discovery sought from Respondent is aimed at establishing Petitioner's compliance with Brazilian law; namely, it is aimed at establishing the manufacturing and chain of title of six of the gaming devices at issue in an attempt to establish that they were imported into Brazil prior to the 1999 law prohibiting such devices. Such discovery is within the scope of allowable discovery. *See* Fed. R. Civ. P. 26(b)(1).

## III. CONCLUSION

For the reasons discussed more fully above, Petitioner's *ex parte* petition for an order pursuant to 28 U.S.C. § 1782 is hereby **GRANTED**.

IT IS SO ORDERED.

DATED: April 21, 2016

                                                    _____
                                                    NANCY J. KOPPE
                                                    United States Magistrate Judge

---

[2] The Federal Rules of Civil Procedure have been applied even when the underlying foreign proceeding is criminal in nature. *See Application of Sumar*, 123 F.R.D. 467, 469-70 (S.D.N.Y. 1988); *see also Weber v. Finker*, 554 F.3d 1379, 1384 (11th Cir. 2009); *In re Ex Parte Application of Jommi*, 2013 WL 6058201, *4 (N.D. Cal. Nov. 15, 2013).